IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2100-H

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ROBERT BROWN, ) | |
| ) | |
| Respondent. ) | |

This case came before the court today for a hearing on whether it should accept respondent's conditional consent to be civilly committed as a sexually dangerous person pursuant to 18 U.S.C. § 4248, as provided in the parties' Stipulation of Facts (D.E. 72). Respondent's consent to be committed is conditioned on the Warden of the Federal Correctional Institution in Butner, North Carolina ("FCI Butner") certifying, pursuant to 18 U.S.C. § 4248(e)(2), that respondent will not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment on terms agreed to by the parties as set out in the proposed order at D.E. 73 ("Proposed Order"). The undersigned conducted the hearing pursuant to the referral of the presiding District Judge under 28 U.S.C. § 636(b)(1)(B) (*see* Minute Entry after D.E. 69) and the written consent of the parties, which was submitted in open court.

Respondent, his counsel, and counsel for the government were present at the hearing. The court confirmed through direct questioning of respondent under oath and, where appropriate, questioning of counsel, the following matters, among others: respondent's competence to proceed with the hearing on his consent to commitment; his understanding of his right to a commitment hearing under 18 U.S.C. § 4247(d) and the consequences of commitment; his understanding of and

agreement to the Stipulation of Facts and the Proposed Order, including specifically the regimen of medical, psychiatric, and psychological care and treatment provided for therein; his consent to being civilly committed pursuant to 18 U.S.C. § 4248, subject to the condition that the Warden of FCI Butner make the foregoing certification pursuant to 18 U.S.C. § 4248(e)(2); his satisfaction with the services his counsel has provided him; the absence of any promise or assurance to respondent to induce him to agree to commitment other than the government's representation that the Warden of FCI Butner will make the above-referenced certification pursuant to 18 U.S.C. § 4248(e)(2) and the government's agreement to such certification; the absence of any attempt to force him to agree to commitment; and the existence of an independent basis in fact for respondent's consent to commitment, as set forth in the Stipulation of Facts.

Based on the proceedings at the hearing, the court FINDS that respondent is fully competent to consent to commitment under 18 U.S.C. § 4248; he is aware of the nature of commitment under 18 U.S.C. § 4248 and the consequences thereof; he knowingly and voluntarily consents to commitment under 18 U.S.C. § 4248, for which there exists an independent basis in fact containing each of the essential elements for commitment under 18 U.S.C. § 4248, provided that such consent is contingent on issuance of the foregoing certification by the Warden of FCI Butner; and respondent is a sexually dangerous person within the meaning of 18 U.S.C. § 4247(a)(5).

IT IS THEREFORE RECOMMENDED that the court enter an order providing as follows:

1.   Subject to the condition below, respondent knowingly and voluntarily consents to commitment under 18 U.S.C. § 4248, for which there exists an independent basis in fact containing each of the essential elements for commitment under 18 U.S.C. § 4248.

2

2. Respondent is a sexually dangerous person within the meaning of 18 U.S.C. § 4247(a)(5).

3. Respondent is hereby COMMITTED to the custody of the United States Attorney General as a sexually dangerous person pursuant to 18 U.S.C. § 4248(d).

4. Respondent's consent to commitment is conditioned on the Warden of FCI Butner certifying, pursuant to 18 U.S.C. § 4248(e)(2), that respondent will not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment on terms agreed to by the parties as set out in the proposed order at D.E. 73.

5. In the event the Warden of FCI Butner fails to make the foregoing certification within 14 days after entry of this order, upon motion of respondent, the court will vacate his commitment and this case will proceed to hearing.

IT IS FURTHER RECOMMENDED that if and when the Warden of FCI Butner makes the foregoing certification, the court order that respondent be conditionally released, pursuant to 18 U.S.C. § 4248(e)(2), on the terms set forth in the Proposed Order.

The court has this day hand delivered this Memorandum and Recommendation to counsel for the respective parties and respondent in open court, who have until 22 March 2012 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. Any response to objections is due no later than seven days after the filing of objections, but in no event later than 29 March 2012.

This, the 20th day of March 2012.

_____
James E. Gates
United States Magistrate Judge

4