IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2100-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ROBERT BROWN, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on the parties' agreement to settle this action and on the government's unopposed motion [D.E. #81] to allow the United States Attorney's Office to provide to the United States Probation Office certain records in the custody of the Bureau of Prisons ("BOP").

Respondent has consented to be committed as a sexually dangerous person under 18 U.S.C. § 4248(d) based on stipulated facts [D.E. #76]. Respondent's consent is conditioned on the Warden of the Federal Correctional Institution in Butner, North Carolina, ("FCI Butner") certifying pursuant to 18 U.S.C. § 4248(e)(2), that respondent will not be sexually dangerous to others if released under a prescribed regimen of medical, psychiatric, or psychological care or treatment on terms agreed to by the parties as set out in a proposed order [D.E. #73, revised version at D.E. #80].

Pursuant to 28 U.S.C. § 636(b)(1), United States Magistrate Judge James E. Gates held a hearing and entered a memorandum and recommendation [D.E. #77] ("M&R") wherein he recommends that the court order respondent committed to the custody of the United States Attorney General as a sexually dangerous person pursuant to 18 U.S.C. 4248(d), and, upon the Warden's certification, that the court order respondent to be conditionally released. The parties have executed and filed a waiver [D.E. #78] of their rights to object to the M&R. The Warden of FCI Butner has certified [D.E. #79] that respondent will not be sexually dangerous to others if released under the prescribed regimen that has been prepared for him. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and recommendations of the magistrate judge.

Upon careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Because the parties have waived their rights to object, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life

& Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

The court has reviewed the M&R and other documents of record and hereby ADOPTS the recommendation of the magistrate judge as its own and FINDS that respondent was fully competent to consent to commitment and that he knowingly and voluntarily did so after having an adequate opportunity to confer with counsel; that the government also knowingly and voluntarily entered into the settlement agreement; that there is a sufficient factual basis to support commitment under 18 U.S.C. § 4248; and that the prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for respondent is appropriate.

THE COURT HEREBY FINDS that Respondent is a sexually dangerous person within the meaning of 18 U.S.C. § 4247(a)(5).

IT IS THEREFORE ORDERED that:

Respondent is hereby COMMITTED to the custody of the United States Attorney General as a sexually dangerous person, pursuant to 18 U.S.C. § 4248(d).

In accordance with the certification of the Warden of FCI Butner, being the director of the facility in which respondent is committed, respondent will not be sexually dangerous to others if released under the prescribed regimen of medical,

3

psychiatric, or psychological care or treatment that has been prepared for him.

Respondent shall be conditionally released and shall report in person to the United States Probation Office for the Northern District of Ohio within 72 hours of his release.

The court notes that respondent was sentenced on May 31, 2002, in the Eastern District of Pennsylvania to 90 months imprisonment followed by three years supervised release. See Judgment, United States v. Robert Brown, No. 2:01-CR-43-1 (E.D. Pa. May 31, 2002) [D.E. #32]. Effective March 8, 2007, jurisdiction over the criminal case was transferred to the Northern District of Ohio. See Transfer of Jurisdiction, United States v. Robert Brown, No. 1:07-CR-00192-CAB (N.D. Ohio Mar. 29, 2007) [D.E. #1]. The clerk is DIRECTED to send a copy of this order to the Clerk of Court, Northern District of Ohio, 2 South Main Street, Akron, Ohio 44308.

Until such time as the court, after hearing pursuant to 18 U.S.C. § 4248(e), modifies or eliminates the following regimen of medical, psychiatric, or psychological care or treatment, the United States Probation Office shall be responsible for supervising respondent under the following specific conditions:

1. Mr. Brown shall reside at Parkside Male Residential Center, 1431 South Main Street, Akron, Ohio, 44311. Mr. Brown

4

shall abide by the rules of the housing facility and pay the costs of such.

2. Mr. Brown shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the BOP, or any jurisdiction's sex offender registration agency in which he resides, works, is a student, or was convicted of a qualifying offense.

3. Mr. Brown shall not leave the judicial district where he is being supervised without the permission of the Court or probation officer.

4. Mr. Brown shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

5. Mr. Brown will maintain active participation in a regimen of outpatient mental health care as directed by the probation officer.

6. Mr. Brown will continue to take such medication as shall be prescribed for him by the medical provider. The medical provider may require respondent to take medication by injection. Close monitoring of his medication compliance and

5

regular drug screening will be necessary for his stability in the community.

7. Mr. Brown shall participate in a treatment program for sexual deviancy as directed by the probation officer.

8. Mr. Brown shall submit to periodic polygraph testing as directed by the probation officer.

9. Mr. Brown shall participate in an approved program of outpatient, inpatient or detoxification substance abuse treatment which will include alcohol and drug testing to determine if he has reverted to substance abuse.

10. Mr. Brown shall not use alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substances, or any paraphernalia related to such substances. Mr. Brown shall not enter establishments where the primary business is the sale of alcohol.

11. Mr. Brown shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12. Mr. Brown shall notify the supervising probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

13. Mr. Brown shall not associate with any persons engaged in criminal activity, and shall not associate with any person

6

convicted of a felony unless granted permission to do so by the probation officer.

14. Mr. Brown will be required to report as directed to the probation officer assigned to his case. Initially, he will be assigned to Scott Stutler, United States Probation Officer, whose office is located at the John F. Seiberling Federal Building and United States Court House, Two South Main Street, Room B-3-55, Akron, Ohio 44308.

15. Mr. Brown shall answer truthfully all inquiries by the probation officer.

16. Mr. Brown shall not possess anything that may be viewed as a lure for children, such as bicycles and toys, in a place observable to the public (e.g. his front yard).

17. Mr. Brown shall not view or possess any materials that promote or normalize criminal sexual behavior, or participate in any organization that subscribes to such a philosophy or permits, advocates or encourages criminal sexual behavior (e.g. NAMBLA).

18. Mr. Brown shall provide his probation officer with a list of all photographic equipment he owns.

19. Mr. Brown shall never photograph or videotape a child for any reason.

7

20. Mr. Brown shall never hire any minor child to perform household chores (e.g., mow his lawn, clean the attic of his home).

21. Mr. Brown shall submit his person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, and office, to a search conducted by a United States probation officer. Failure to submit to a search may be grounds for revocation of release. Mr. Brown shall warn any other occupants that the premises may be subject to searches pursuant to this condition.

22. Mr. Brown is prohibited from accessing any computer, Internet Service Provider, bulletin board system or any other public or private computer network or the service at any location (including employment or education) without prior written approval of the United States Probation Office or the Court.

23. Mr. Brown shall not associate or have verbal, written, telephone, or electronic communication with any person under the age of 18 except (1) in the presence of the parent or legal guardian of said minor and (2) on the condition that he notify said parent or legal guardian of his conviction in United States v. Robert Brown, No. 2:01-CR-43-1 (E.D. Pa.), No. 1:07-CR-00192-

8

CAB (N.D. Ohio) and his status as a conditionally released sexually dangerous person. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom you must deal in order to obtain ordinary and usual commercial services.

24. Mr. Brown shall not seek, obtain or maintain any residence, employment, volunteer work, church or recreational activities involving minors (persons under the age of 18) in any way, without the prior express written approval of the probation officer.

25. Mr. Brown shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facility, or other places primarily used by persons under the age of 18.

26. Mr. Brown shall not reside within 1,000 feet of a school or daycare center without the express written approval of the probation officer.

27. Mr. Brown shall not frequent or loiter within 100 feet of schoolyards, playgrounds, theme parks, arcades, swimming pools, skating rinks, toy stores and other places where persons under the age of 18 play, congregate, or gather, without the prior express written approval of the probation officer.

28. Mr. Brown shall not date or befriend anyone who has children under the age of 18, unless approved in advance by the probation officer.

29. Except during treatment, Mr. Brown shall not associate, in person or in any other manner, with any individual who has a sexual interest in or attraction to minors (persons under the age of 18), nor shall correspond with any such individual, without the prior express written approval of the probation officer.

30. Mr. Brown's residence and employment shall be approved by the probation officer, and any change in residence and/or employment must be approved by the probation officer. Mr. Brown shall submit any proposed changes to residence and/or employment to the probation officer at least 20 days prior to any intended changes.

31. Mr. Brown shall consent to enhanced extensive home inspections, which may include examining: under beds and mattresses; in cabinets, closets and drawers; trash containers; refrigerators; personal home working spaces; vehicles; and out buildings and sheds.

32. Mr. Brown shall not visit or frequent strip clubs or adult theme book stores.

33. Mr. Brown shall not possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting and/or describing "sexually explicit conduct", which is defined as: (A) sexual intercourse, including genital-genital, oral-genital, anal-genital or oral-anal, whether between persons of the same or opposite sex; (B) bestiality; (C) masturbation; (D) sadistic or masochistic abuse; or (E) lascivious exhibition of the genitals or pubic area of any person.

34. Mr. Brown shall not possess bindings, blindfolds, restraints, handcuffs, or other sadomasochistic paraphernalia.

35. Mr. Brown shall not utilize any sex-related adult telephone numbers. Mr. Brown shall provide the probation officer with access to personal/business telephone records to verify compliance.

36. Mr. Brown shall maintain an appropriate appearance at all times which includes the wearing of undergarments, and appropriate outer clothing in the home or places where another person may reasonably expect to view the defendant.

37. Mr. Brown shall not own, use, or have access to the services of any commercial mail receiving agency, nor shall he open or maintain a post office box without the prior approval of the probation officer.

11

38. Mr. Brown shall provide the probation officer with access to any financial information including authorization to conduct credit checks and obtain copies of Federal Income Tax Returns.

39. Mr. Brown shall participate in the Location Monitoring Program for a period of six months, to commence within 30 days of release from imprisonment. Except as provided herein, Mr. Brown shall be required to remain in his residence unless given permission in advance by the probation officer to be elsewhere. Mr. Brown may leave his residence to work, to receive medical treatment, and to attend religious services. Mr. Brown shall consent to be monitored by the form of location monitoring indicated below and shall abide by all of the requirements established by the probation office related to the use of this location monitoring technology; and submit to random drug/alcohol tests as specified by the probation officer. Mr. Brown may participate in the Discretionary Leave Program under terms set by the probation officer. Mr. Brown shall pay all costs of participation in the location monitoring program, based on his ability to pay as directed by the probation officer. Location monitoring shall include but not be limited to:

    a) Location monitoring technology at the discretion of the probation officer;

  b) Radio Frequency (RF) Monitoring;

  c) Passive GPS Monitoring;

  d) Active GPS Monitoring (to include hybrid GPS).

Respondent's failure to adhere to any of the conditions of his release may result in his return to custody to be brought before this court for review of his suitability for conditional release.

ACCORDINGLY, the BOP shall make arrangements for respondent's immediate release. The BOP shall contact the appropriate persons to schedule an arrival date, finalize release paperwork, make transportation arrangements and contact the assigned Probation Officer with the date and time of release from the BOP. If release cannot occur in a reasonable time due to unavailability of bed space or aftercare appointment, upon notification that all necessary arrangements have been made, Mr. Brown will be promptly released.

Also before the court is the government's unopposed motion [D.E. #81] to allow the United States Attorney's Office to provide treatment files, medical records, psychological evaluations, disciplinary records, and other related materials and information within the BOP system of records to the appropriate United States Probation Office for the purpose of

coordinating psychological, psychiatric, and other mental health treatment. For good cause shown, the motion is GRANTED.

This 22nd day of March 2012.

/s/ Malcolm J. Howard
MALCOLM J. HOWARD
Senior United States District Judge

At Greenville, NC
TJL